Caruthers, J.,
delivered the opinion of the Court.
This was a motion against the sheriff of Davidson and his sureties, for a false return upon an alias summons in debt. The motion failed.
The process issued 10th of July, 1858, and come to the hands of the sheriff on the same day. The return was in these words: “ Executed on McNairy Newell, July 12, ’58, Nathan Harsh not found in my county,September 8, 1858. ■ K. BRANCH, D. Sheriff.”
The entry of the motion at the return term, is as follows:
“ The plaintiff by- his attorney, moves the Court for judgment against the defendants for the sum of $125, penalty for the failure of the said James Hinton tc *126 execute and make return of an alias summons heretofore, to wit, on the 10th day of July, 1858, issued from this Court, at the suit of said John Hill' against John B. Newell, McN'airy Newell, trustee, and Nathan Harsh.” The original had been served on J. B. Newell.
Two questions arise in the proceedings, upon which the Court is supposed to have erred:
1. The sheriff moved to amend his return by the insertion of the words, “to be.” This was refused. An officer cannot be permitted to amend after a ' motion against him. 3 Hum. 396'. But he may before the motion, even after notice. 6 Hum., 96-9. The reason of the distinction is, that the commencement of the suit is the motion, and not the notice that it will be made. It is the lis pendens, that precludes the right of the officer to amend.
,2. The plaintiff proposed to prove that Nathan Harsh was a citizen of the county, and had a known place of business, where he is generally to be found. The Court rejected the evidence. This is alleged to be error. This ruling of the court was right. In Fuss ell v. Q-reenfield, 1 Sneed, 443, which was a motion for a “ false return ” upon an execution, it was held that no extrinsic evidence could be introduced, to show the falsity of the return, but that in this summary proceeding, nothing but the return itself could be looked to to determine its falsity. If the facts stated in the return were' false, and injury resulted, that must be redressed by an action on the case. The remedy by motion can succeed only where the falsity appears on its face, as where he returns that the property levied upon could not be sold for want of time, and it appears in the return *127 there was ample time. To these decisions we have uniformly adhered. But they were motions for “ false and insufficient returns ” of executions, under the act of 1835, adopted in the Code at section 3594.
The motion is founded upon section 3603 of the Code, taken, with modifications, from the act of 1777, ch. 8, sec. 5 ; C. & N. 664. That section gives a penalty of $125, to he recovered by motion of the party aggrieved, against any sheriff or other officer who “ fails to execute and make return of any process issued from any Court of Record, and delivered to Mm twenty days before the return day." The same reason would apply to confine the inquiry to the face of the return, and exclude extrinsic evidence, as in cases of executions. The motion is not for a failure to return in fact, but for a false or insufficient return. In order to give any pre-tence for the motion, the word “return” must be construed to mean, that he shall not only hand in the writ to the clerk at the proper time, and show by his endorsement upon it, his action has been such as the law commands. That is, he 'must show that he has done what the law requires of him, to-wit, that he has executed the writ, or state a good reason why he has not. This is perhaps the correct construction. This confines the enquiry to the return as endorsed upon the .summons. Is that good in law? The only defect alleged is, that he states that the' defendant, Harsh, “ is not found in my "county,” when it should be, “not to be found,” &c. That would be more perfect, because it might be true that he is not found, when in fact he might be, or. is “to be’’found by proper exertions. But such strictness will not be required where a motion is *128 made for a, penalty. In Peck’s R., 196, it was held that such a defect, though an informality would not authorize a judgment by, motion on the return of a fi. fa.
The judgment disallowing the motion, will be affirmed.